IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL C. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 3:08-0844 |
| v. ) | Judge Trauger/Bryant |
| ) | |
| CITY OF NASHVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

The District Judge has referred this in forma pauperis case to the undersigned Magistrate Judge for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket Entry No. 4).

Title 28, United States Code, Section 1915(e)(2) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal —
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim upon which relief
>    may be granted; or
>   (iii) seeks monetary relief against a defendant
>    who is immune from such relief.

A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks such a basis if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000).

## The "Complaint"

The paper document[1] filed by plaintiff to initiate this action consists of three handwritten pages containing disjointed, often repetitive, sometimes obscene, fragmented, largely unintelligible ramblings. Although the clerk in docketing this case has identified City of Nashville, the United States of America, the State of Tennessee, and the Department of Homeland Security as defendants, the undersigned Magistrate Judge has been unable, after considerable effort, to determine what the plaintiff's claim is or against whom she seeks to assert it. Similarly, the relief she seeks is altogether unclear, although the words "$900 Trillion X 900 times" do appear near the middle of page 1.

Rule 8(a), Federal Rules of Civil Procedure, states as follows:

> (a) **Claim for Relief**. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short plain statement of the claim showing that the pleader is entitled to relief; and

---

[1] This document does not contain the title "complaint," at least to the best of the Magistrate Judge's ability to determine.

>                (3) a demand for the relief sought, which may
>                include relief in the alternative or different
>                types of relief.

This paper writing satisfies none of the requirements of Rule 8(a), even when it is construed liberally, as the court is obliged to do with pro se filings. In summary, the undersigned Magistrate Judge finds that this "complaint" is altogether inscrutable and obscene, that it contains statements that are fantastic or delusional, and that it is patently frivolous and fails to state a claim on which relief may be granted in the context of 28 U.S.C. § 1915(e)(2).

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for frivolity and failure to state a claim on which relief may be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 25th day of September 2008.

                                                  s/ John S. Bryant
                                                  JOHN S. BRYANT
                                                  United States Magistrate Judge